UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH RIDGARD,

    Plaintiff,

v.      Case No. 8:10-cv-2025-T-33AEP

STATE OF FLORIDA; HONORABLE DORIS JENKINS; LAURIE LEON, STATE MEDIATOR; CARMEN ANRECIO, DISTRICT DEPUTY CLERK; DIVISION OF ADMINISTRATIVE HEARINGS; OFFICE OF THE JUDGES OF COMPENSATION CLAIMS; STATE OF FLORIDA CLERK'S OFFICE; DEPARTMENT OF FINANCIAL SERVICES; ALEX SINK, CHIEF FINANCIAL OFFICER; and DIVISION OF WORKERS' COMPENSATION,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Complaint (Doc. # 3), which was filed on October 8, 2010. Defendants contend that dismissal of the complaint is warranted, among other things, because (1) Ridgard failed to state a cause of action upon which relief can be granted; (2) immunities bar the complaint; and (3) the complaint fails to comply with the Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.

Ridgard failed to file a response to the motion within the time parameters of Local Rule 3.01(b), which states, "Each party opposing a motion or application shall file within

fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." Local Rule 3.01(b), M.D. Fla. Ridgard did file an incomprehensible document (Doc. # 4), on October 22, 2010. However, the Court did not construe this document as a response to the motion to dismiss.

Accordingly, on November 4, 2010, this Court entered an Order warning Ridgard that, absent a response to the motion filed by November 15, 2010, the Court would likely grant the motion to dismiss as an unopposed motion. (Doc. # 5).[1] At the time the Court issued its November 4, 2010 Order, Ridgard's response to the motion was past due, and the Court would have been acting well within its discretion to grant the motion to dismiss as an unopposed motion. Nevertheless, in an effort to give Ridgard, a pro se plaintiff, every opportunity to pursue his claims, the Court allowed him a second bite at the proverbial apple.

---

[1] In the November 4, 2010 Order, the Court warned Ridgard that, regardless of his pro se status, he is required to follow the Local Rules of this Court as well as the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Despite being given a second chance, Ridgard has not filed a response in opposition to the motion to dismiss. Ridgard filed a non-responsive document on November 16, 2010 (Doc. # 7); however, it is not timely filed, and it fails to address any of the well supported arguments contained within the motion to dismiss. Thus, the Court will not construe the document (Doc. # 7) as a response in opposition to the motion. Upon due consideration, the Court grants the motion to dismiss (Doc. # 3) as an unopposed motion.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED**:

(1) Defendants' Motion to Dismiss Complaint (Doc. # 3) is **GRANTED**.

(2) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of November 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and parties of Record